IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RICHARD CALDARONE, an individual, | CIVIL NO. 13-00516 DKW-BMK |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT AND DENYING PLAINTIFF'S MOTION TO ADJOIN** |
| vs. | |
| JOSEPH OTTING, an individual, | |
| Defendant. | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT AND DENYING PLAINTIFF'S MOTION TO ADJOIN

### INTRODUCTION

Plaintiff pro se Richard Caldarone has sent two letters to the Court, styled as a Complaint and Amended Complaint, which together vaguely allege that his mortgage lender and servicing company have engaged in illegal practices, including "predatory lending."   Because the Court cannot discern who allegedly did what to whom, or the basis of this Court's jurisdiction over the conduct alleged, this action is dismissed without prejudice.   Plaintiff is GRANTED until **April 21, 2014** to file an amended complaint, consistent with the guidance below.

1

## BACKGROUND

Plaintiff filed his original Complaint on October 4, 2013 against Defendant Joseph Otting, CEO of OneWest Bank, FSB, and then filed his First Amended Complaint on December 12, 2013, against Otting and Ron M. Faris, CEO of Ocwen Loan Servicing.   Although not clear, it appears that Plaintiff is attempting to forestall a state court foreclosure proceeding against his residence located at 73-4522 Hane Street, Kailua Kona, Hawaii 96740.   His original letter, which the Court liberally construes as a complaint, explains that OneWest is foreclosing on his property in Hawaii state court, and claims that he is being denied his right to (1) a jury trial, (2) just compensation, and (3) "2 witnesses are to testify against us." Complaint at 1.   In a second letter to the Court on December 1, 2013, which the Court construes as a First Amended Complaint, Plaintiff states that he filed an "Amended Complaint against Ocwen Loan Servicing due to the fact they recently purchased the loan from OneWest Bank."   First Amended Complaint at 1.

Plaintiff's original Complaint states that, at an unspecified date, he informed OneWest's predecessor, IndyMac Bank, of a change in his financial situation and sought a loan modification.   IndyMac first turned him down, and then accepted his payments through the "Make Home Affordable" program on a trial basis.   At some point after December 2010, Plaintiff stopped making payments.   In

April 2011, Plaintiff filed for bankruptcy.   He claims that he was a victim of "predatory lending" because the mortgage payment "was $4,100 a month and yet I made $3,200 profit!   That's a minus $900 difference!"   Complaint at 1.

Attached to the First Amended Complaint are: (1) an October 29, 2013 letter from Plaintiff to the Third Circuit Court for the State of Hawaii requesting a temporary restraining order "against Fannie Mae regarding the foreclosure of the property"; and (2) a portion of a November 11, 2013 letter from Ocwen Loan Servicing to Plaintiff notifying him that his account is in default and informing him of options to avoid foreclosure.   The October 29, 2013 request for a temporary restraining order states only that Plaintiff is a victim of "predatory lending.   The mortgage papers were 'robo-signed' and the Bank won't mail a 'certified' copy of the Promissory Note.   OneWest/Indymac also swindled us out of $28,600 through the 'Make home Affordable' Program."   10/29/13 Letter at 1.

Plaintiff mailed a copy of the original Complaint to Otting, and on October 28, 2013, filed an acknowledgment of service with the Court, which shows that the certified mail was delivered on October 17, 2013.   There is no indication that Plaintiff has attempted to serve OneWest Bank, Faris or Ocwen Loan Servicing. Otting now seeks dismissal of Plaintiff's claims with prejudice.

# DISCUSSION

## I.    Motion to Dismiss

Otting seeks dismissal of Plaintiff's claim with prejudice due to:

(1) insufficient process pursuant to Federal Rule of Civil Procedure 12(b)(4);

(2) insufficient service of process pursuant to Rule 12(b)(5); (3) lack of personal

jurisdiction pursuant to Rule 12(b)(2); (4) failure to state a claim pursuant to Rule

12(b)(6); and (5) failure to comply with Rule 8.

Plaintiff is proceeding pro se, which requires this Court to liberally

construe his pleadings.   *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)

("The Supreme Court has instructed the federal courts to liberally construe the

'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam)).   The Court also recognizes that "[u]nless it is absolutely

clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice

of the complaint's deficiencies and an opportunity to amend prior to dismissal of the

action."   *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Reviewing the Complaint, and other correspondence from Plaintiff, the

Court finds that Plaintiff fails to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 8 mandates that a complaint include a "short and

plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation…be

simple, concise, and direct."   Fed. R. Civ. P. 8(d)(1).   In other words, a complaint

must give the defendants fair notice of the wrongs they have allegedly committed.

*See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal

of complaint where "one cannot determine from the complaint who is being sued,

for what relief, and on what theory, with enough detail to guide discovery").   Rule 8

requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a]

pleading that offers labels and conclusions or a formulaic recitation of the elements

of a cause of action will not do."   *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

(citations and quotations omitted).   Rather, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"   *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Further, where a plaintiff asserts fraud, "a party must state with particularity the

circumstances constituting fraud."   Fed. R. Civ. P. 9(b).

   Although Plaintiff's filings provide some factual allegations, he

by and large relies on incomprehensible legal conclusions, including allegations that

unnamed parties engaged in predatory lending.   Plaintiff's filing fails to provide

enough detail to explain the basis for these legal conclusions and precisely what

happened between Plaintiff and Defendants.   For example, Plaintiff's filing fails to

explain precisely who engaged in illegal acts, and what interactions Plaintiff had

with Defendants.   Without these basic facts, Plaintiff fails to give fair notice to

Defendants of the basis of his claims, and fails to state a claim that is plausible on its

face.   Accordingly, the Court dismisses Plaintiff's First Amended Complaint

without prejudice for failure to comply with Rule 8 and failure to state a claim

pursuant to Rule 12(b)(6).[1]

Plaintiff is GRANTED leave to file an amended complaint.   If

Plaintiff chooses to file an amended complaint, it:

(1)    must clearly state how each defendant has injured Plaintiff, or

how the Court can provide relief against each defendant.   In other words, Plaintiff

should explain, in clear and concise allegations, what each defendant did (or failed to

do) and how those specific facts create a plausible claim for relief;

(2)    must clearly state the relief sought and how there is basis for a

claim in federal court.   In other words, Plaintiff must explain the basis of this

Court's jurisdiction; and

(3)    must (if a claim alleges fraud) state with "particularity the

circumstances constituting fraud" as required by Federal Rule of Civil Procedure

9(b) (*e.g.*, what was fraudulent, when it occurred, and how it was fraudulent).

---

[1]Because the Court grants the Motion to Dismiss based on Rule 8 and Rule 12(b)(6), the Court
does not reach Otting's remaining arguments regarding insufficient process, insufficient service of
process, and personal jurisdiction.

The Court CAUTIONS Plaintiff that any amended complaint supersedes the prior complaint and must be complete in itself without reference to prior or superseded pleadings.   *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted).   That is, an amended complaint, if any, must stand alone, without reference to prior pleadings or documents in the record.

Plaintiff must also comply with Rule 4 and serve a copy of the Second Amended Complaint on all defendants.   Service of process "is the means by which a court asserts its jurisdiction over the person."   *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007).   Even when a defendant has "actual notice, the manner of service of process must substantially comply with Rule 4 requirements."   *Crane v. Battelle*, 127 F.R.D. 174, 177 (S.D. Cal. 1989).   To accomplish service of process, a plaintiff must serve a summons and complaint in accordance with the requirements of Federal Rule of Civil Procedure 4.   Rule 4(m) provides that the plaintiff is responsible for the service of the complaint and summons within 120 days after the filing of the complaint.   Rule 4 also requires plaintiff to provide copies of the summons and complaint to the person effecting service.   Fed. R. Civ. P. 4(c)(1).   Rule 4(e)(2) provides that an individual may be served in a judicial district of the United states by:

7

(A) delivering a copy of the summons and of the
complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or
usual place of abode with someone of suitable age and
discretion who resides there; or

(C) delivering a copy of each to an agent authorized by
appointment or by law to receive service of process.

Rule 4(l) states that "[u]nless service is waived, proof of service must

be made to the court . . . by the server's affidavit."   The Court advises Plaintiff that

in addition to preparing an amended complaint that is substantively sound, Plaintiff

must serve any amended complaint in accordance with Rule 4's requirements.


**II.**   **Motion to Adjoin**

Plaintiff's "Motion to Adjoin" asks the Court to consolidate the instant

case with his later filed action, Civil No. 13-00628 JMS-RLP.   On February 25,

2014, this district court dismissed Plaintiff's Second Amended Complaint, in Civil

No. 13-00628 JMS-RLP, and that same day, the Clerk of Court entered Judgment,

thereby closing that case.   Because the later-filed case is closed, the Court DENIES

Plaintiff's request to consolidate the two cases.

8

## <u>CONCLUSION</u>

On the basis of the foregoing, the Court GRANTS Defendant's Motion to Dismiss and DENIES Plaintiff's Motion to Adjoin.   Plaintiff is GRANTED LEAVE TO AMEND as set forth in this Order.   Failure to file a Second Amended Complaint in compliance with this order by **April 21, 2014** will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAIʻI, March 24, 2014.



Derrick K. Watson
United States District Judge

---

Caldarone v. Otting; CV 13-00516 DKW-BMK;
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT
AND DENYING PLAINTIFF'S MOTION TO ADJOIN